WILHELMINA DEGEL, Respondent, v. ST. LOUIS TRANSIT CO., Appellar[+].

St. Louis Court of Appeals, April 14, 1903.

1. **Railroads, Street**: COLLISION: INJURIES: CONTRIBUTORY NEGLIGENCE. Contributory negligence on the part of plaintiff, while driving along the street for quite a distance without looking and listening for an approaching car, did not preclude plaintiff from recovering for the injuries sustained, provided the motorman in charge of the car saw, or by the exercise of reasonable care could have seen, plaintiff's peril in time to have avoided injuring her.

2. ———: RIGHT TO THE USE OF RAILWAY TRACK: HOW AND WHEN. While it is true that pedestrians and persons in vehicles have the right to the use of the street car track, yet that right is subordinate to the use of it by the company, in serving the general public, but the latter is bound to take reasonable care to avoid accidents, and to exercise a commensurate degree of care to discover and prevent collisions with vehicles or persons.

3. ———: INSTRUCTION ERRONEOUS, YET HARMLESS. As the car which caused the injuries to plaintiff only carried a motorman, the instruction that directed the jury that it was the duty of the conductor of such car to keep a vigilant watch for vehicles on defendant's track, while defective, could not prejudice defendant's rights and was harmless.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Byrnes & Bean* and *Geo. W. Easley* for appellant.

(1) The fact that the plaintiff for twelve years had driven over this track three times a week, and knew that this particular car always passed the point of collision about that hour, rendered the duty to look and listen imperative upon her for her own protection. Holwerson v. Railroad, 157 Mo. 225; Kirtley v. Railroad,

65 Fed. 391; Railroad v. Moseley, 57 Fed. 921; Sinclair v. Railroad, 133 Mo. 233. (2) It required both the motorman and conductor to keep a vigilant watch and to stop the car in the shortest "time and space possible under the circumstances." Gebhardt v. St. Louis Transit Co., 71 S. W. 448. (3) The instruction concedes negligence and yet asks the jury to find such conceded negligence to be ordinary care on behalf of the plaintiff. One position "cuts the throat" of the other. Kelney v. Railroad, 101 Mo. 73; Holwerson v. Railroad, 157 Mo. 237.

*Wm. L. Bohnenkamp* and *Wm. R. Gentry* for respondent.

(1) The duty on the part of defendant's motorman to notify plaintiff of his approach was imperative. Conrad Grocer Co. v. Railroad, 89 Mo. App. 391; Morgan v. Railroad, 159 Mo. 262. (2) Therefore, even if it was "palpable error" for the court to include the conductor in its instruction which it gave at the request of plaintiff, the error was invited by defendant in the instructions which it asked and which were given, and, therefore, appellant can not now complain. This principle of law is well settled. Christian v. Ins. Co., 143 Mo. 460; Baker v. Railroad, 122 Mo. 533.

REYBURN, J.—This is an action to recover damages for personal injuries sustained by plaintiff, while with her husband in a single-horse spring wagon moving southwardly in the west track of defendant's railway, on Broadway near Clarence avenue in the city of St. Louis. The evidence established that between three and four o'clock, a. m., July 3, 1901, plaintiff and her husband, a truck farmer, had been for a considerable distance riding in the western car track used by defendant's south-bound cars, and when they approached Clarence avenue, plaintiff heard the noise of a car approaching behind them and then about thirty feet dis-

tant, and warned her husband who sought to escape by turning east, but the wagon was struck and overturned. The colliding car was designated a beer express car, carrying no passengers and in charge of no conductor. Plaintiff, who had traveled over this street frequently for many years, testified that neither she nor her husband had looked or listened for a car, until apprised by the noise that one was drawing dangerously near to their vehicle.

The negligence charged is threefold: first, that the servants of defendant in charge of said car negligently, carelessly and unskillfully managed, controlled, ran and operated its car and caused it to collide with the rear portion of the wagon; second, that the motorman in charge of the car saw, or by the exercise of ordinary care, would have seen plaintiff in a position of peril and could by the exercise of ordinary care, have stopped the car or slackened its speed in time to avoid injuring plaintiff, but negligently failed to use ordinary care in that regard; and, third, the paragraph of the Municipal Code of the city of St. Louis, familiarly termed, "vigilant watch" ordinance, is set forth and the acceptance, violation and disobedience of its provisions by defendant charged. The answer was a general denial and a plea of contributory negligence.

1. The defendant urges that as the plaintiff betrayed in her own testimony that according to her well-established habit and practice, she had long been traveling over Broadway southwardly in the early morning, and on this occasion riding a long distance on the track of defendant, the duty was rightly imposed on her to look and listen for the approach of cars of defendant, and her confessed failure so to do constituted such negligence, that the demurrer to the evidence should have been sustained. A conclusive refutation of this contention is found in the recent expressions of the Supreme Court which, by constitutional authority, must dominate. It is a familiar and well-established legal

Degel v. St. Louis Transit Co.

principle that, although a person may have negligently exposed himself to danger, the duty still remains to refrain from killing or injuring him. The general rule may be deduced that a party, plaintiff, who has placed himself in a dangerous position, where injury is likely to result and does ensue, notwithstanding such negligence on his part, may still recover for such injury, if he can establish that the defendant knew, or by the exercise of reasonable diligence could have known, of plaintiff's peril in time to avoid injuring him, and failed to exert reasonable care by which such injury might have been averted. The testimony shows that plaintiff herein was guilty of such negligence as would preclude a recovery, unless the motorman of the defendant saw or could have seen her exposure to danger, in time to have avoided the accident if he had exercised reasonable care. The case falls within the now well-established exception in the law of negligence permitting a recovery notwithstanding the negligence of the party injured, if defendant, after seeing the party in danger, or where such duty was imposed on defendant, by the exercise of ordinary care, might have seen him in time and averted the accident, failed to do so. If defendant's motorman saw, or by the exercise of ordinary care could have seen, the peril of plaintiff, even though caused by her own negligence, in time to avoid injury to her, the plaintiff was entitled to recover, and her failure to look and listen for the colliding car was no bar.

Broadway, upon which the plaintiff was proceeding, was a public street, upon which she had full right to travel at her pleasure at any hour by night as well as by day, without any negligence being imputable to her. Pedestrians and persons in vehicles have the unquestionable right to use the track of a street car line on a public thoroughfare, but such use by the public is subordinate to the right of way over its own tracks of the cars of the street railroad, and when necessary,

those on the tracks must yield in the proper operation of the cars. Moore v. Railroad, 136 Mo. 265; Winters v. Railroad, 99 Mo. 509. Plaintiff being in that portion of the highway, upon which was constructed defendant's line over which its cars were operated, was bound to a degree of watchfulness for such car's approach, but the defendant's servant engaged in operating a dangerous and powerful machinery at a rapid speed, was charged by law with the knowledge that pedestrians and people in vehicles had the right to be upon the highway, and would be using it, and it was therefore the duty of such motorman to take all reasonable measures to avoid accidents and to exercise a degree of commensurate care to discover the vehicle in which defendant was riding. The case of Klockenbrink v. Railroad, originally decided by this court, and recently affirmed by the Supreme Court, will be found very similar to and decisive of this case in the application of the foregoing propositions, which find support in many other decisions of the Supreme Court. Klockenbrink v. Railroad, 81 Mo. App. 383; Klockenbrink v. Railroad, 172 Mo. 678; Morgan v. Railroad, 159 Mo. 262; Schmidt v. Railroad, 149 Mo. 269; Schmidt v. Railroad, 163 Mo. 649; Oates v. Railroad, 168 Mo. 535.

2. The first instruction for plaintiff is assailed, as construing the "vigilant watch" ordinance to require both the conductor of the car and its motorman to keep a vigilant watch for vehicles on defendant's track, and thereby contravening the proposition lately announced by this court, that the above ordinance imposed no such duty on the conductor. Gebhardt v. Railroad, 97 Mo. App. (St. L.) 373; 71 S. W. 448. The injuring car in this instance, however, carried no agent of defendant except a motorman, being employed not for the carriage of passengers, but for the transportation of freight, and this error was harmless.

3. The second instruction on behalf of plaintiff is as follows:

"If the jury believe and find from the evidence in this case that Broadway was on the 3rd day of July, 1901, an open public highway in the city of St. Louis; that at said time defendant was using the railway and car mentioned in the evidence for the purpose of transferring freight for hire from one point to another within the city of St. Louis as a street railway; and if the jury further believe and find from the evidence that on said day the plaintiff was riding in a one-horse spring wagon which her husband was driving in a southerly direction on defendant's west track on Broadway near Clarence avenue in said city; and that while she was so riding in said wagon upon said track and about the time her said husband was in the act of driving out of said track but before he had succeeded in getting out of the same, a south-bound car, used by defendant and in charge of a motorman of defendant, did run into the rear portion of the wagon in which plaintiff was riding, and that thereby plaintiff was thrown from said wagon and injured; and if the jury find from the evidence that the defendant's motorman in charge of said car either saw said wagon while the same was on said track, or would, by keeping a vigilant watch for vehicles, have seen said wagon upon said track and in danger of being struck by said car; and that after so seeing said vehicle upon said track, and the plaintiff in a position of peril and in danger of being injured by said car, the defendant's motorman in charge of said car could, by stopping said car in the shortest time and space possible under the circumstances, have averted said collision and injury, and neglected to do so; and if the jury further find and believe from the evidence that prior to and at the time of said collision, plaintiff and her husband were exercising ordinary care (as defined in instruction 3), to look and listen for the approach of cars and to avoid injury, then plaintiff is entitled to recover, and the jury should find their verdict in her favor."

The evidence tended to prove that the plaintiff's negligence was not continuous to the instant of the collision, for when she detected the approach of the car in the rear, she warned her husband who made an immediate but futile effort to escape the impending peril. Her negligence, if any be imputed to her, did not directly concur in producing the collision, and the testimony does not conclusively establish that she was not in the exercise of ordinary care at the moment of the collision. In drawing near plaintiff's vehicle from the rear, defendant's motorman could not have failed to see the danger and it was the province of the jury to determine whether, under all the circumstances in evidence, reasonable care was exercised on defendant's behalf to avoid the injury. If the above instruction be subject to just criticism, it is in the particular that the closing paragraph required the jury to find that plaintiff was exercising due attention to the approach of cars, and this portion of the instruction was superfluous and could not have prejudiced defendant.

The judgment is therefore affirmed. *Bland, P. J.,* and *Goode, J.,* concur.