A. B. MOORE, Respondent, v. SOUTHWEST MISSOURI ELECTRIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 8, 1903.**

1. **Personal Injury:** PLEADING: NURSE HIRE: EVIDENCE. The pleading set out in the opinion is sufficient to admit evidence in relation to hire of nurses to wait upon a person negligently injured by a street railway.

2. **Street Railways:** NEGLIGENCE: COLLISION WITH BUGGY: INSTRUCTIONS. Certain instructions relating to the negligence of a street railway in a collision with a buggy are summarized and approved.

3. ———: ———: EVIDENCE: DEMURRER. Evidence is held ample to sustain a finding of negligence on the part of the employees in charge of a street railway car in failing to ring the bill in time and to get the car under control so as to avoid the injury.

4. **Jury, Conduct of:** QUOTIENT VERDICT: MAJORITY VERDICT. A majority verdict agreed to by ten jurymen is approved and held not to be a quotient verdict.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) The court erred in overruling defendant's objection to plaintiff's testifying as to amount paid Ragsdale, the nurse. Because the petition does not allege any payment of any specific amount, and it being a special consequential damage must be alleged before it can be proven. O'Leary v. Rowan, 31 Mo. 117; Sedg-

wick on Measure of Damages (8 Ed.), secs. 1261, 1270. (2) The defendant was not required to check speed until he saw that plaintiff was in imminent danger. The evidence is beyond question that the motorman rang his bell far enough away to give plaintiff ample warning. And under the evidence the motorman was not guilty of any negligence. Booth on Street Railways, sec. 298; Molineux v. Railway, 81 Mo. App. 25; Bunyan v. Railway, 127 Mo. 17; Stocks v. Transit Co., 71 S. W. 730. (3) The evidence shows that defendant's motorman could not possibly have stopped his car in time to have avoided the accident after discovering plaintiff's peril, and if so plaintiff is not entitled to recover. Molineux v. Railway, 81 Mo. App. 30. (4) It is well-settled law in this State that the mere fact that a person is seen riding or driving along a railroad track, that all that is required of the company is to give warning of the approach of its cars; and the presumption is that the person will get out of the way, and the company is under no obligation to stop its car until such time as it sees that the person is in peril and has not heard or heeded the warning. Culbertson v. Railway, 140 Mo. 35; Bunyan v. Railway, 127 Mo. 17; Stocks v. St. Louis Transit Co., 71 S. W. 730. (5) There is no substantial evidence of negligence on the part of defendant's employees. Culbertson v. Railway, 140 Mo. 60. (6) Plaintiff's instructions No. 1 and No. 3 are erroneous as they permit plaintiff to recover though plaintiff made no effort to care for himself and puts the burden upon defendant to take care of him. Culbertson v. Railway, 140 Mo. 60; Tanner v. Railway, 161 Mo. 497; Sharp v. Railway, 161 Mo. 214; Davis v. Railway, 159 Mo. 1; Maxey v. Railway, 68 S. W. 1063.

*Thomas & Hackney* for respondent.

(1) No error was committed in the trial court in permitting plaintiff to testify to the amount paid for

a nurse. Gurley v. Railroad, 122 Mo. 141; Smith v. Railway, 119 Mo. 246. (2) Defendant can not complain of the third instruction given for the plaintiff. Oates v. Railway, 68 S. W. 906; Morgan v. Railway, 159 Mo. 262; Hutchinson v. Railway, 88 Mo. App. 376; Klockenbrink v. Railway, 81 Mo. App. 351. (3) The instructions given by the court fully define the duties of the plaintiff and likewise the duties of the defendant in their respective situations. (4) The ninth ground assigned in the defendant's motion for new trial averred that the amount of the verdict was arrived at by each of the twelve jurors voting for a specified amount and then adding such amounts together and dividing the total amount thus obtained by twelve, and taking the amount thus obtained for their verdict. This was not supported by the proof. Wiley v. Belfast, 61 Mo. 569.

ELLISON, J.— The defendant is a street car company operating an electric street railway in the city of Carthage. Plaintiff suffered personal injuries through a collision of one of the cars with his buggy in which he was driving along the street. The judgment in the trial court was for the plaintiff.

Plaintiff was driving along the street in the daytime, going ahead of the car and in the same direction. He was driving so close to the track that the car could not pass without striking his buggy and it did strike it at the hind wheel with sufficient force to tilt it up and turn the plaintiff out. There was evidence tending to support the charge that defendant's motorman was negligent in not avoiding the collision. And so there was evidence tending to support the countercharge that plaintiff was careless and negligent. To this charge and countercharge the jury has responded in favor of the plaintiff and we can not interfere, unless there has been some error in the trial.

It is first objected that evidence of the amount paid

out by plaintiff as nurse hire was improperly admitted under the allegation of the petition. It being insisted that as no specific sum was claimed on that account, none should be recovered. The petition alleged:

"Plaintiff's said injuries are of a permanent character and continue to cause him suffering and pain, and will continue to cause him suffering during his natural life, and that he has, and will hereafter be permanently incapacitated from pursuing his ordinary employment; that on account of said injuries he was compelled to incur, and did incur, great expense for medical attendance, and was compelled to hire nurses to wait upon him and care for him in his illness, and while he was confined to his bed and to his room, to the plaintiff's injury and damage in the sum of two thousand dollars, for which sum, together with costs, plaintiff prays judgment." This was a claim for nurse hire and that such hire, together with the injury, made up the damage. We think that under the ruling of the Supreme Court the evidence was properly received. Smith v. Railway, 119 Mo. 246; Gurley v. Railway, 122 Mo. 141.

Instructions were given for either side which very fully covered the theory of each, and we think that when all are considered, no substantial criticism can be justly made of them. The first for plaintiff submits that if plaintiff was driving along in the same direction with the car, which was coming behind him, and so close to the track that the car could not pass without collision, and that the motorman saw plaintiff in said situation, or might have seen him if he had been on a vigilant lookout, and that after seeing him, the motorman, by the exercise of care, could have stopped the car, or slackened its speed so as to have avoided the collision, and neglected to do so, and that plaintiff was in the exercise of reasonable and ordinary care, the verdict should be in his favor.

The second was on the duty of the motorman on

seeing plaintiff's situation to have warned him by sounding the bell, and that if he did not do so until too late for plaintiff, by diligence, to get out of the way, and that by reason of failure to so warn him the collision occurred, the finding should be for plaintiff.

The third was based on the theory that though the jury might believe that plaintiff was negligent in driving so close to the track without looking back to see if a car was approaching, yet notwithstanding, if the motorman saw his dangerous situation, or with proper care might have seen it, and could have stopped or slackened speed in time to have avoided a collision, the plaintiff could recover.

These properly set forth the case on plaintiff's theory and they were supplemented by several which clearly put the defendant's theory to the jury.

The only point made on its instructions is the error assigned in not giving that one which was a demurrer to the evidence. This is on the general ground that the motorman was not shown to have been guilty of any negligence. If the testimony offered by the plaintiff is to be believed (and since the verdict we must accept it as true) there was ample evidence to sustain a finding of negligence, both in failing to ring the bell in time and to get his car under sufficient control to have avoided the injury. The authorities cited by defendant are not in cases sufficiently like this in essential facts as to make them applicable, notably, that of Culbertson v. Railway, 140 Mo. 35.

One of the grounds in support of the motion for new trial is based on the authority of Sawyer v. Railway, 37 Mo. 263, and Sharp v. Railway, 114 Mo. 94, and sets out misconduct of the jury, after retiring to consider the case. It was shown by reliable and trustworthy evidence that the jury selected a ''chairman'' or foreman, and a secretary. That they committed to paper found in the jury room a part of their deliberation. From this it appears that they voted ten for

plaintiff and two for defendant. That they then put down the amount each considered the plaintiff ought to recover. Two put nothing and the remaining ten put down sums ranging from one dollar, to two thousand dollars. That the total of $5,601 was divided by twelve, leaving a quotient (as put down by them) of $467. Under this there appears the following: "Yes, 10; No, 3." This was perhaps a vote on the result made by the addition and division just referred to; evidently an error of one being made in the number voting. But the verdict returned was a majority verdict for $500, ten agreeing thereto. From that fact it is certain that those returning the verdict did not agree to the result obtained in the manner aforesaid. That they must have finally found the verdict by a conclusion come to by some other means. We have no right, therefore, to find that the verdict was not the result of a proper consideration of the case.

The judgment is affirmed. All concur.