UNION BISCUIT COMPANY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. STREET RAILWAYS: Driving on Track: Contributory Negligence. It is the duty of a person driving on a street railway track to look back at intervals for an approaching car, if he can do so.

2. ———: ———: ———: Last Chance. Although it is negligence for one to drive along a street car track without looking back for approaching cars, nevertheless, in an action for injuries received by a collision from the rear with such a car, in daylight on a straight track, where the plaintiff's wagon was in sight of the motorman for a thousand feet, it was a question for the jury whether the motorman had the last chance to avoid the collision, and if he had the plaintiff could recover. (Distinguishing McGauley v. Transit Co., 79 S. W. 461.)

Appeal from St. Louis City Circuit Court.—*Hon. R. M. Foster*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The evidence shows that plaintiff's driver was guilty of such negligence as precluded a recovery. Kelsay v. Railway, 129 Mo. 362, 30 S. W. 339; Holwerson v. Railway, 157 Mo. 216, 57 S. W. 770; Sharp v. Railway, 161 Mo. 214, 61 S. W. 829; Zumault v. Railroad, 175 Mo. 288, 74 S. W. 1015; Moore v. Railway, 176 Mo. 528, 75 S. W. 672; McGauley v. Transit Co., 79 S. W. 461; Railroad v. Moseley, 57 Fed. 921. (2) There was no evidence that after discovering the wagon's position of peril, the car could have been stopped. If plaintiff seeks to recover upon the theory that the car could have been stopped after the wagon had been placed in a position of peril by the driver's negligence, and the collision thereby avoided, "the burden of alleging and proving that fact rests upon the plaintiff." Molyneux v. Railroad, 81 Mo. App. 25; Roenfeldt v. Railway, 79 S. W. 706; Cogan v. Railway, 101 Mo. App. 179, 73 S. W. 738.

*Jamison & Thomas* for respondent.

(1) The driver of a team is not necessarily guilty of such contributory negligence as will preclude recovery, in driving along a car track without looking back, and the question of whether he exercised due care is for the jury to determine. Klockenbrink v. Transit Co., 172 Mo. 678, 72 S. W. 900; Schafstette v. Railroad, 175 Mo. 142, 74 S. W. 826; Conrad Grocer Co. v. Railroad, 89 Mo. App. 391; Noll v. Transit Co., 100 Mo. App. 367, 73 S. W. 907; Moore v. Railway, 100 Mo. App. 665, 75 S. W. 176; Degel v. Transit Co., 101 Mo. App. 56, 74 S. W. 156; Barrie v. Transit Co., 102 Mo. App. 87, 76 S. W. 706; Septowski v. Transit Co., 102 Mo. App. 110, 76 S. W. 693; Kolb v. Transit Co., 102 Mo. App. 143, 76 S. W. 1050; Moritz v. Transit Co., 102 Mo. App. 657, 77 S. W. 477; Jersey Farm Dairy Co. v. Transit Co., 103 Mo. App. 90; Linder v. Transit Co., 103 Mo. App. 574; Baxter v. Transit Co., 103 Mo.

597. (2) The appellate courts of this State are not the only tribunals which have held that failure to look back while driving along a car track in a public street does not bar recovery. Makes v. Railroad, 56 App. Div. (N. Y.) 508; Camden v. Preston, 59 N. J. L. (302 Vroom) 264; McGrane v. Railroad, 13 App. Div. 117; Thatcher v. Transit Co., 166 Pa. St. 66; Railroad v. Chatterson, 17 Ky. L. 5; Manon v. Railroad, 118 Mich. 1; Adolph v. Railroad, 75 N. Y. 530; Seifter v. Railroad, 55 App. Div. (N. Y.) 100; Schilling v. Railroad, 47 App. Div. (N. Y.) 500; Bassert v. Railroad, 40 App. Div. (N. Y.) 144. (3) The conduct of plaintiff's driver, considered in the light of the cases above cited, was not such as precluded recovery. Under the circumstances of this case, it was not necessary for plaintiff to prove by direct testimony that the car could have been stopped in 25, 50 or 100 feet. Such proof is necessary only in cases where the person appears on the track a short distance in front of the car.

GOODE, J.—This plaintiff sues for damages for injuries done to a wagon, harness and goods by a collision with a trolley car of the defendant company, November 28, 1900. The accident occurred on the Tower Grove avenue line at its intersection with McCree avenue between seven and eight o'clock in the morning. The colliding car was running south over the west one of the double tracks of the defendant on Tower Grove avenue. The driver of the wagon was T. F. Leiber. According to his statement he drove on the track at Young's store, some seven or eight hundred feet north of where he was struck. From that point he proceeded along the same track without looking back and travelling at a pace of about six miles an hour, until the car overtook and struck him. It is charged that the car was running more than eight miles an hour in contravention of a city ordinance and that the motorman neglected to keep vigilant watch for persons on

the track and to stop the car as soon as possible after he saw the wagon on it. There was evidence to support the case pleaded.

There was also testimony for the defendant that the wagon was not running on the west track where it was overtaken, but on the east track; that suddenly, when the car was near, it veered on the west track immediately in front of the car so that it was impossible to prevent a collision.

The driver Leiber is charged to have been guilty of negligence which precludes a recovery.

In this case the essential dispute between the parties was as to whether the plaintiff was travelling on the same track the colliding car was and ahead of the latter for several hundred feet, or whether he was travelling on the east track parallel with the west one on which the car was moving, and suddenly turned over to the west track as the car was near him, thus bringing on the collision. That issue was settled by the jury in the plaintiff's favor and on advice from the trial court which leaves this court no cause to interfere. The jury were told that it was the duty of the driver of the wagon to look and listen for a car before he attempted to cross the defendant's track and if the jury found he failed to do so and failed to stop his team when the circumstances required him to stop before crossing the track, and that by reason thereof he directly contributed to the injury, plaintiff could not recover. And again, that if the motorman of the car saw the wagon travelling on the east track, or east of the west track, the motorman had the right to assume the driver would use care to avoid a collision with the car and rely on such assumption, and was under no legal duty to stop or check the speed of the car until he saw the driver did not intend to exercise such reasonable care. Again, that if the motorman saw the driver of the wagon attempting

to cross the track and used all the means at hand to stop the car and avoid a collision, but was unable to do so, the verdict should be for the defendant. And again, that although the company's servants were guilty of negligence as charged against them, still, if the jury found from the evidence that plaintiff's driver, by ordinary care and by looking and listening for the approach of the car, might have avoided a collision, the plaintiff could not recover. Those instructions were very good on the leading issue of the case. Defendant's counsel requested and the court gave an instruction based on the testimony for the plaintiff that his wagon was travelling on the same track the car was and in advance of it. This instruction told the jury that it was the duty of the driver in that contingency to make use of his faculties while driving on the track to look and listen for the coming of a car, that this duty was a continuing one and not to be abandoned by the driver at any time after he went on the track; and if the jury found the driver did not exercise ordinary care and failed to look and listen for the approach of the car, thereby directly contributing to a collision, the verdict should be for the defendant. The charge for the plaintiff was that if the motorman saw the wagon and team while they were being driven toward or on the track, or by keeping a vigilant watch would have seen them and that there was danger of a collision, and after thus seeing them would have been able to avert a collision by stopping the car in the shortest time and space possible under the circumstances, plaintiff was entitled to recover if the jury found the driver was not guilty of negligence contributing to the injury. Scrutiny of the foregoing recitals from the instructions yields the conclusion that for only one negligence could the jury have found for the plaintiff, namely; that the accident was caused by the failure of the motorman to stop the car as soon as he might after he discovered the danger of a collision. The principal contention of

defendant's counsel is, that plaintiff should have been nonsuited because he drove along seven or eight hundred feet without looking or listening, and in this connection reliance is placed on the case of McGauley v. Transit Co., 79 S. W. 461. It was indeed the duty of the driver to look back at intervals for a car if he could; but in our judgment it is a question for the jury to pass on as to whether he ought to be defeated if he failed to do so. This cause comes directly within the exception to the general rule that contributory negligence bars recovery; for fair-minded men might well say the motorman had the last chance to avoid a collision, even granting the driver was guilty of negligence. This collision occurred in daylight and on a straight track where the wagon and its driver must have been in plain sight of the motorman nearly a thousand feet. To say that if he discovered danger of a collision that far away there could be no recovery for the resultant damages because the driver failed to look back, would practically abrogate the rule that one person must use ordinary care not to injure another even if the other exposes himself to injury. The McGauley case had exceptional facts in it and we suppose it was because of those facts the court held the plaintiff negligent in not looking out for the car. The collision occurred in that case in the night and under circumstances which showed it was very difficult for the motorman of the car to see McGauley's wagon in time to avoid running against it. If that motorman was guilty of any negligence, the opinion rather suggests that it was in failing to ring the gong; not failing to check his car as soon as he might after discerning the plaintiff's danger. In fact the opinion states that it is doubtful if any negligence on the part of the railway company was shown. Stress was laid on the circumstances under which McGauley was driving; the darkness of the night and the unfrequented part of the city. We do not think that decision intended to over-

rule the many preceding decisions on facts identical with those of the case at bar, in which it was held to be the duty of the operatives of a car to save a threatened party .if they could, despite his negligence. The numerous decisions to that effect in the reports of the appellate courts of Missouri are not alluded to in the McGauley case; presumably because that decision was not thought to conflict with them.   The facts before us are so far undistinguishable from those contained in the following decisions that it is controlled by them. Klockenbrink v. Transit Co., 172 Mo. 678, 72 S. W. 900; Schafstette v. Railroad, 175 Mo. 142, 74 S. W. 826; Conrad Grocer Co. v. Railroad, 89 Mo. App. 391; Noll v. Transit Co., 100 Mo. App. 367, 73 S. W. 907; Moore v. Railway, 100 Mo. App. 665, 75 S. W. 176; Degel v. Transit Co., 101 Mo. App. 56, 74 S. W. 156; Kolb v. Transit Co., 102 Mo. App. 143, 76 S. W. 1050; Moritz v. Transit Co., 102 Mo. 657, 77 S. W. 477; Jersey Farm Dairy Co. v. Transit Co., 103 Mo. App. 90.

The trial below was a fair one; all the instructions requested by the defendant's counsel were given and they were highly favorable to its defense. We find no just ground on which to criticize or reverse the judgment. It is therefore, affirmed. All concur.