# HYMAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **CONTRIBUTORY NEGLIGENCE: Street Railways.** In an action against a street railway company for injuries received by plaintiff from a collision with one of defendant's cars, where the evidence was conflicting as to whether the plaintiff suddenly turned on to the track in front of the car so that a collision could not be avoided, or whether plaintiff was on the track at a sufficient distance ahead of the car so that he could have been seen by the motorman in time to avoid the collision, an instruction which told the jury that if they found the plaintiff knew of the approach of the car and failed to exercise ordinary care to avoid a collision, he could not recover, was proper.

2. ——: **Last Chance.** Likewise an instruction which authorized a recovery if the jury believed the plaintiff was unaware of the peril he was in while proceeding along the track until too late to avoid a collision, but the motorman was aware of the peril in time to stop the car or sound a warning, and negligently failed to do either, thereby causing the injury.

3. ——: ——: **Inconsistent Instruction.** Under such circumstances, an instruction hypothecated upon the contributory negligence of plaintiff was not inconsistent with an instruction based on the doctrine of "last chance."

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins,* Judge.

Judgment in trial court for defendant and appeal from order granting a new trial on motion of plaintiff.

REVERSED AND REMANDED (*with directions*).

*Boyle, Priest & Lehmann, George W. Easley* and *Morton Jourdan* for appellant.

*Crigler & Kelley* for respondent.

GOODE, J.—While respondent was driving a wagon loaded with coal northward on Tenth street in the city of St. Louis, a trolley car of the Transit Company ran into the rear of the wagon, injuring him and the wagon. This action was brought for the consequent damages. The respondent had entered Tenth street at O'Fallon and turned north. Before making the turn he looked both ways, he says, and saw no car. Afterwards he proceeded toward Cass avenue on his route for two hundred feet or more, and without looking back until the colliding car was nearly on him. Then he attempted to turn out of the track but was too late. He testified to hearing no bell or other signal until almost the instant of the collision, when he heard somebody shout a warning. Some witnesses in his be-

half testified that the wagon was visible one hundred and fifty feet or so ahead of the car. The testimony for the appellant went to show that Hyman heard the car approaching and turned far enough to the west to permit it to pass safely; whereupon the motorman increased the speed of the car in order to pass, and just then Hyman drove the wagon back on the east track and the collision resulted. As it was the third of July at five o'clock in the afternoon, there was broad daylight. The Transit Company obtained a verdict, which the court set aside because of an instruction to the jury which was thought to be erroneous. The instruction told the jury that if they found from the evidence Hyman knew of the approach of the car and failed to exercise ordinary care to avoid a collision, he could not recover. We discern no error in that charge. Respondent relied on the humane or last chance rule for recovery and the court submitted the issues on that theory. The particular negligence charged is that the motorman, after he saw Hyman's danger, failed to warn him, or to use the brakes and other appliances for stopping the car, and negligently ran against the wagon. In the first instruction the court very correctly told the jury that if they believed the respondent was unaware of the peril he was in while proceeding along the track, until too late to avoid a collision, but the motorman was aware of the peril in time to stop the car or to sound a warning and thereby avert the accident, and negligently failed to sound the gong or stop the car, thereby causing the injury, the respondent was entitled to a verdict. That instruction hypothesized a case of liability for careless failure to save a person from injury by another person's act after the latter had discovered the former's peril. This rule of law is called indifferently the "humane," "last chance" or "discovered peril" doctrine and is sanctioned by many decisions in this State. Klockenbrink v. Railroad, 81 Mo.

App. 351, 172 Mo. 678, 72 S. W. 900; Noll v. Transit Co., 100 Mo. App. 367.

Respondent's counsel contends the seventh instruction for the appellant, which was the ground of the order for a new trial, is in conflict with the first instruction for the respondent, whose substance we have quoted. We see no conflict. A person threatened with harm by another's carelessness must use ordinary care to avoid harm if he is aware of the danger, just as the other person must use care to keep from harming him. If Hyman knew of the approach of the car and that he was in danger, it was certainly his duty to make an ordinary effort to get out of the way. McGauley v. Transit Co., 79 S. W. 461; Moore v. Transit Co., 100 Mo. App. 665; Gettys v. Transit Co., 103 Mo. App. 564. This is an action for a negligent but not a willful act. If the latter element was in it, the defense of contributory negligence would be unavailable. We have examined the instructions given for both sides and in our judgment they fairly and intelligently presented the issues. The jury found a verdict for the Transit Company and must have believed Hyman was guilty of contributory negligence. There was plenty of evidence to prove he was.

The order granting a new trial is reversed and the cause remanded with the direction to set aside said order, reinstate the verdict and enter judgment for the Transit Company. All concur.